Donald MUHAMMAD EL ALI, Appellant

v.

Louis P. VITTI, Esquire, in his official and private capacity; Leslie J. Carson, Jr., Esquire, in his/her official and private capacity; National City Mortgage Corporation, f/k/a Altegra Credit Co.; The Philadelphia Sheriff Department; Unknown Actors: John and Jane Doe; Matthew Carrafiello, Judge, The Court of Common Pleas of Philadelphia; R. Barclay Surrick, Judge of the District Court for the Eastern District of Pennsylvania.

**162**

No. 05–4377.

United States Court of Appeals,
Third Circuit.

Submitted For Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B)
Jan. 19, 2007.

Filed: Feb. 28, 2007.

Donald Muhammad El Ali, Bala Cyn-
wyd, PA, pro se.

Louis P. Vitti, Louis P. Vitti & Associ-
ates, Pittsburgh, PA, pro se.

Before: BARRY, AMBRO AND
FISHER, Circuit Judges.

**1.** The pre-filing injunction is set forth in full
in the District Court's memorandum opinion.
The pre-filing injunction applied to Donald

OPINION

PER CURIAM.

Donald Muhammad El Ali, *pro se,* ap-
peals an order of the United States Dis-
trict Court for the Eastern District of
Pennsylvania dismissing his petition for
writ of habeas corpus.

In April 2005, Muhammad El Ali filed a
petition seeking relief under 28 U.S.C.
§ 2241, claiming that: (1) he was ejected
from his property located at 1517 Tasker
Street in Philadelphia, Pennsylvania, and
unlawfully detained by the Philadelphia
Sheriff's Department; (2) the Court of
Common Pleas proceeded with a foreclo-
sure action without proper notice to him;
and (3) the lawyers representing the fore-
closing party committed fraud by bringing
an action on behalf of the Altegra Credit
Company knowing that the company has
been dissolved for years. Muhammad El
Ali sought an order enjoining the state
court action. Muhammad El Ali also filed
a mandamus petition and request for a
restraining order accompanied by a "notice
of removal for writ of habeas corpus,"
seeking to remove the state court foreclo-
sure action and to restrain the state court
"from any further interference" with the
foreclosure action.

By order entered September 14, 2005,
the District Court dismissed the habeas
petition with prejudice. The District
Court determined that Muhammad El Ali,
also known as Donald Smith, had violated
the pre-filing injunction order issued on
February 4, 2005, in the case of *Smith v.
Litton Loan Servicing, LP, et al.,* Civ. No.
04–02846, 2005 WL 289927, by submitting
the habeas petition without proper leave of
the Court.[1] The District Court also held
that the habeas petition had no basis in

Smith, Donald A. Smith, Donald Muhammad
El Ali or Lisa Smith.

law or fact because Muhammad El Ali was not in custody and the matters alleged did not come under the purview of any habeas corpus statute. The District Court noted that the habeas petition sought to avoid a sheriff's sale of the Tasker Street property and that the matter had been previously litigated in *Donald Smith ex rel. Donald Muhammed El Ali v. Altegra Credit Co.*, Civ. A. No. 02–08221, 2004 WL 2399773 (E.D.Pa. Sept. 22, 2004). Muhammad El Ali timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. This Court is required to dismiss an in *forma pauperis* appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous where none of the legal points is arguable on its merits. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Muhammad El Ali is not in custody and his request for relief is not cognizable under § 2241. His appeal is frivolous, therefore, and will be dismissed as such pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Appellant's motion for stay pending appeal is denied.